

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| CHRISTOPHER ROGERS - VESSEL C/O § <br> CHRISTOPHER ROGERS - LIVING MAN, § <br>     Plaintiff, § <br> § <br> vs. § <br> § <br> SAFE FEDERAL CREDIT UNION, ITS § <br> AGENTS, ITS ATTORNEYS OF RECORD, § <br> ET AL., § <br>     Defendant. § | Civil Action No.: 3:24-4897-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION TO DISMISS,
AND DEEMING AS MOOT PLAINTIFF'S MOTION TO COMPEL**

    Plaintiff Christopher Rogers - Vessel c/o Christopher Rogers - Living Man (Rogers), who is representing himself, brought this action against Defendant SAFE Federal Credit Union, Its Agents, Its Attorney(s) of Record et al. (collectively, SAFE).  Rogers asserts state and federal claims arising from his mortgage agreement with SAFE.  He claims the Court has jurisdiction as per 28 U.S.C. §§ 1331 and 1367.

    This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court grant SAFE's motion to dismiss.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

    The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the

Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 30, 2024.  The Clerk of Court docketed Rogers's objections on November 14, 2024.  The Court has carefully reviewed the objections but holds them to be without merit.  It will therefore enter judgment accordingly.

As is relevant here, Rogers executed a mortgage agreement with SAFE for his property located in Wedgefield, South Carolina.  Rogers alleges SAFE engaged in predatory lending practices, improperly securitized and transferred the mortgage without transparency, and failed to acknowledge and respond to notices of rescission and an opportunity to cure.  He thus brings this lawsuit, maintaining violations of state and federal law.  The Magistrate Judge, as the Court noted above, recommends the Court grant SAFE's motion to dismiss.  Rogers, however, objects to the Report on five grounds.  The Court will consider each objection in turn.

First, Rogers challenges the Magistrate Judge's conclusion SAFE fails to constitute a debt collector under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.  Rogers maintains SAFE acknowledged its role as a debt collector in a responsive letter, stating, "This communication is from a debt collector.  The purpose of this communication is to collect a debt, and any information obtained will be used for that purpose."  Letter from SAFE to Rogers (June 5, 2024) (emphasis omitted).  The Court, however, is unconvinced SAFE is a debt collector pursuant to the FDCPA.

For purposes of the FDCPA, the term "debt collector" includes "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

owed or due another." 15 U.S.C. § 1692a(6)(A).  Here, however, SAFE is attempting to collect a debt in its own name.  Though SAFE identified itself as a debt collector in the letter quoted above, the Court is unable to conclude such self-identification overcomes a clear statutory exclusion.  And, to the extent Rogers avers SAFE engaged in debt collection practices under *Wilson v. Draper & Goldberg, PLLC*, 443 F.3d 373 (4th Cir. 2006), the Court agrees with the Magistrate Judge *Wilson* "concern[s] [an] exception[] [that is] not relevant to the instant case."  Report at 5–6 n.2.  The Court will thus overrule this objection.

Second, Rogers posits his allegations relative to the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act), 12 U.S.C. § 5301 et seq., "serve as underlying factual support for state law claims, specifically fraud and unjust enrichment."  Rogers's Objections at 2.  But, Rogers neglects to dispute the Dodd-Frank Act fails to create a private right of action in this instance.  *See Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 623 (5th Cir. 2013) (holding the Dodd-Frank Act "creates a private cause of action only for individuals who provide information relating to a violation of the securities laws to the [Securities and Exchange Commission]").  Because it appears Rogers has neglected to provide such information, the Court will overrule this objection, too.

Third, Rogers objects to the Magistrate Judge's determination he "does [not] . . . allege any damage flowing from [SAFE]'s alleged [Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.,] violations."  Report at 11 n.4.  Rogers insists SAFE's "failure to disclose [his] right to rescind under [the TILA] . . . . created harm in the form of [his] inability to evaluate and potentially nullify the mortgage agreement."  Rogers's Objections at 2.  Again, the Court is unpersuaded.

As the Magistrate Judge explained, Rogers "does not assert a claim for a violation of the [TILA] in his complaint under legal claims[.]"  Report at 11 n.4.  Although Rogers "does allege

3

[SAFE]'s failure to respond to his [recission] notices violates TILA," he neglects to advance he suffered any actual damages caused by the violation. *See United States v. Petroff-Kline*, 557 F.3d 285, 296–97 (6th Cir. 2009) ("[A] debtor must prove actual damages to recover for a timing violation, and actual damages require a showing of detrimental reliance." (citations omitted)).

And, to the extent Rogers now maintains SAFE violated the TILA by failing to disclose his right to rescind, the Magistrate Judge properly rejected this argument. *See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing . . . ."). For all these reasons, the Court will overrule this objection, as well.

Fourth, Rogers contests the Magistrate Judge's decision he insufficiently pled damages in support of his claim for violation of the Real Estate Settlement Procedures Act of 1974 (RESPA), 12 U.S.C. § 2601 et seq. Rogers argues "emotional distress, tarnished credit, and financial damage resulting from ongoing foreclosure efforts and legal fees fulfill the damages requirement under RESPA." Rogers's Objections at 3.

Absent from the complaint, however, are any allegations Rogers suffered emotional distress or financial damage relative to his RESPA claim. Rogers does request the Court "requir[e] [SAFE] to correct any negative credit reporting associated with the mortgage." Complaint at 21. But, again, the complaint lacks any concrete assertions of tarnished credit. And, any vague references to "emotional distress" are confined within Rogers's breach of contract, consumer protection, and Dodd-Frank claims. *Id.* at 10, 12, 15. Accordingly, the Court will overrule this objection, too.

4

Finally, Rogers requests the Court retain jurisdiction over his state law claims because a "shared factual basis supports maintaining supplemental jurisdiction . . . to avoid duplicative litigation and inconsistent rulings[.]" Rogers's Objections at 4.

"Generally, when a district court dismisses all federal claims in the early stages of litigation[,] . . . it should decline to exercise jurisdiction over any remaining pendent state law claims by dismissing those claims without prejudice." *Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024) (quoting *Banks v. Gore*, 738 F. App'x 766, 773 (4th Cir. 2018)). The Court, however, "enjoy[s] wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). And, in making this determination, the Court should consider the "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Here, Rogers has failed to convince the Court this is anything but "the usual case in which . . . the balance of factors to be considered under the [supplemental] jurisdiction doctrine . . . point toward declining to exercise jurisdiction over [his] remaining state-law claims." *Cohill*, 484 U.S. at 350 n.7. So, the Court will also overrule this objection.

After a thorough review of the Report and the record in this case under the standards set forth above, the Court overrules Rogers's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court SAFE's motion to dismiss is **GRANTED**, and Rogers's claims are dismissed without prejudice. As a result of the Court's ruling, Rogers's motion to compel is necessarily **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 9th day of September 2025, in Columbia, South Carolina.

                                          s/ Mary Geiger Lewis
                                          MARY GEIGER LEWIS
                                          UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Rogers is hereby notified of his right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.